## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MANDY JOHNSON,** | ) | |
| | ) | **Civil Action No. 17-cv-00132-JHP-FHM** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIFE SENIOR SERVICES, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

**PLAINTIFF**, Mandy Johnson, who by and through her undersigned counsel, brings this lawsuit and these causes of action against Defendant, Life Senior Services, Inc., for violations of her statutorily protected rights arising out of Defendant's discriminatory and retaliatory treatment of Ms. Johnson concerning the employment relationship, and in support of her claims alleges and states:

## PARTIES

1. At all pertinent times, the Plaintiff Mandy Johnson ("**Ms. Johnson**" or "**Plaintiff**") was an adult female who was, and now is, a resident of Tulsa County, State of Oklahoma.

2. The Plaintiff is a citizen of the United States and the State of Oklahoma, and is authorized to sue to enforce her private rights by virtue of Title VII.

3. At all pertinent times, the Defendant was acting as an employer and was authorized to do business and, in fact, was doing business in Tulsa County, Oklahoma.

4.  Defendant, Life Senior Services ("**Life Senior Services**" or "**Defendant**") is an "employer" within the meaning of Title VII in that the Defendant regularly had and does now have in excess of fifty (50+) employees working for its benefit.

5.  At all material and relevant times, the Defendant was in the exercise of its duties as an employer, including by acting through its managers, supervisors, agents, and designated employees.

<u>**JURISDICTION AND VENUE**</u>

6.  The incidents and occurrences which form the basis of Plaintiff's action occurred exclusively or primarily within Tulsa County.

7.  This Court has jurisdiction and venue is proper in the Northern District of Oklahoma.

8.  The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f), as amended by the Pregnancy Discrimination Act of 1978, and as amended by the Civil Rights Act of 1991, and 28 U.S.C. §§ 1331, 1343.

9.  A substantial part—if not all—of the events or omissions giving rise to this claim occurred in Tulsa County, wherefore venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(b).

10. Venue is proper and this action lies properly in the Northern District of Oklahoma as the unlawful employment practices complained of herein occurred exclusively, or at a minimum substantially, within Tulsa County and because the Defendant conducts regular business in Tulsa County.

11. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 *et seq.* ("**Title VII**").

12. Ms. Johnson timely filed an EEO Charge and the EEO issued a Right to Sue Letter on March 7, 2017. Thus, the relevant ninety (90) day deadline based upon receipt is June 8, 2017, and Plaintiff's present action is therefore timely.

13. Plaintiff has satisfied all the procedural and administrative requirements and conditions precedent, including the exhaustion of administrative remedies of Title VII.

14. No other administrative or court action is pending in relation to this matter.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

15. Ms. Johnson was hired before Life Senior Services was aware of her pregnancy.

16. In or around October 2015, Ms. Johnson informed management of her intention to take maternity leave, at a future time period, for the birth of her child.

17. Immediately, a rumor spread in the workplace that she would not be able to return after her maternity leave and that Senior Life Services' management would use her leave as a pretext for filing her position.

18. Ms. Johnson, hearing this discriminatory rumor, immediately went to Human Resources representative Kevin Baum to address the rumor head-on.

19. Mr. Baum informed Ms. Johnson that she had nothing to worry about with respect to the rumor and that there was absolutely no truth to the rumor.

20. On or around December 18, 2015, as planned and approved, Ms. Johnson went on maternity leave.

21. On or around February 15, 2016, Ms. Johnson returned from maternity leave.

22. Upon her return from maternity leave Ms. Johnson was informed that her pay was switched from a guaranteed salary to an hourly rate, which would likely work to lower her net pay, and in any event removed the guaranteed pay security that the salaried pay ensured.

23. In addition, upon her return from maternity leave—true to the rumor—Ms. Johnson found coworker Deborah Roach had permanently replaced her position.

24. Prior to maternity leave, Ms. Johnson enjoyed the position of Home Care RN Coordinator, essentially a supervisor position.  Upon her return from maternity leave, Ms. Johnson was demoted to the position of Case Manager, essentially a primary care nurse with no supervisory functions.

25. Seeing Ms. Roach in her old office, and learning about her pay reduction and demotion, Ms. Johnson immediately went to Mr. Baum to complain about the demotion and reduction in pay.

26. Mr. Baum acted as if he was shocked that Ms. Johnson's position had been stolen out from under her and that her pay had been reduced.  However, Deborah Roach had visibly and obviously moved her personal affects and items into Ms. Johnson's former office weeks prior, and Mr. Baum saw and knew of the move.

27. In addition, Ms. Johnson learned that only days prior to her return from maternity leave, Tamra (last name unknown) approached Deborah Roach to permanently upgrade Ms. Roach to the position of Home Care RN Coordinator.

28. Despite Mr. Baum's feigned shock, he did nothing to address Ms. Johnson's demotion and pay reduction.

29. At all pertinent times Ms. Jones was fit, qualified, and eager to hold a position at the Senior Life Services.

30. At all relevant times hereto, Defendant acted or failed to act by and through its duly authorized agents, servants, representatives, partners and employees, who conducted

themselves within the scope and course of their employment, with intentional malice and/or with reckless disregard to Ms. Johnson's federal rights.

31. Ms. Johnson's status as a pregnant female was a motivating factor for the adverse employment actions Life Senior Services undertook and interposed.

32. Ms. Johnson's status as a person engaging in protected activity when she requested maternity leave because of her pregnancy was a motivating factor, and indeed a 'but for' cause of the adverse employment action(s) Life Senior Services undertook and interposed.

33. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered economic loss, including but not necessarily limited to, lost wages, lost benefits, seniority, and emotional damages.

34. As a further direct and proximate result of the acts and omissions of the Defendant, Ms. Johnson has suffered severe emotional distress, humiliation, embarrassment, and loss of enjoyment of life in an amount to be shown according to proof at the time of trial and for which damage she should be justly compensated.

35. As a further direct and proximate result of the acts and omissions of the Defendant, Ms. Johnson has incurred and will incur attorneys' fees and costs herein in an amount yet to be determined.

**FIRST CLAIM FOR RELIEF:**
**STATUS-BASED DISCRIMINATION (TITLE VII)**

36. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

37. Plaintiff belongs to the protected-class of female as a pregnant woman.

38. Life Senior Services treated Ms. Johnson differently—and indeed much less favorably— than similarly situated non-protected class coworkers subject to the same supervisor(s), procedures and rules, by, *inter alia*, demoting her job position and reducing her pay.

5

39. Defendant's discriminatory and disparate treatment of Plaintiff because of her sex as a pregnant female was in violation of 42 U.S.C. § 2000e-2(a)(1), among other provisions.

40. Title VII protects pregnant women from suffering second-class status in their employment, and discrimination against a woman because of her pregnancy is, *per se*, a form of sex discrimination under Title VII as amended by the Pregnancy Discrimination Act of 1978.

41. Defendant's actions were done intentionally or with reckless indifference to Plaintiff's federally protected rights.

42. As a direct and proximate result of Defendant's actions in the workplace, Plaintiff suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress, and embarrassment.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant for:

   a.  Back-pay and lost benefits as determined by the jury at the time of trial;

   b.  Compensatory damages for her mental anguish, emotional distress, humiliation, pain and suffering and other non-pecuniary losses as determined by the jury at the time of trial;

   c.  Her costs and expenses of this action, including attorneys' fees;

   d.  This Court find and confer "prevailing party" status to Plaintiff.

   e.  Such other and further relief as this Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## <u>RETALIATION (TITLE VII)</u>

43. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

44. Plaintiff engaged in protected activity when, *inter alia,* she informed the Defendant in October 2015 she was pregnant and intended to take maternity leave and also when she

confronted management after the rumor of her demotion came to fruition following her maternity leave.

45. Life Senior Services retaliated against Ms. Johnson because of her protected activity by, *inter alia*, demoting her, reducing her pay, failing to adequately investigate her complaints of discrimination, and failing to reinstate her to the position of Home Care RN Coordinator.

46. As a direct and proximate result of Defendant's actions, Plaintiff was demoted, had her pay reduced, and otherwise suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress, and embarrassment.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant for:

a. Back-pay and lost benefits as determined by the jury at the time of trial;

b. Compensatory damages for her mental anguish, emotional distress, humiliation, pain and suffering and other non-pecuniary losses as determined by the jury at the time of trial;

c. Her costs and expenses of this action, including attorneys' fees;

d. This Court find and confer "prevailing party" status to Plaintiff.

e. Such other and further relief as this Court deems just and equitable.

**Dated: March 18, 2017**

**Respectfully submitted,**

/s/ Jeffrey D. Jones_____
Jeffrey D. Jones, NY #4843363
**THE JONES LAW FIRM**
523 East Pine Place
Tulsa, OK 74106-4301
Phone: (574) 876-4715
Fax:  (918) 583-3364
Email:  JJ@JeffreyJonesLawFirm.com

*Attorney for Plaintiff*

## **JURY DEMAND**

The Plaintiff hereby respectfully demands a trial by a jury in this matter.

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

DATED this 18th day of March 2017

　/s/ Jeffrey D. Jones　
Jeffrey D. Jones